UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,              Criminal Case No. 04-80371
v.                                                       Civil Case No. 10-13658
                                                            HONORABLE DENISE PAGE HOOD
KEVIN IZZARD (D-3)
(True Name:  JERMAINE MAXWELL,

    Defendant-Petitioner.
_____/

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255**
**and**
**ORDER DISMISSING CASE NO. 10-13658**

**I.**    **BACKGROUND**

On October 7, 2008, Kevin Izzard pled guilty to Count I of the Superseding Indictment, Conspiracy to Possess with Intent to Distribute 100 kilograms or more of Marijuana, in violation of 21 U.S.C. §§ 846, 841(a).  On February 18, 2010, the Court sentenced Izzard to 60 months of imprisonment.  Izzard filed a notice of appeal on February 18, 2010.  On September 13, 2010, Izzard filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  The Government filed a response and a supplemental brief to the motion.

Izzard raises seven grounds in his motion:

> Ground One: Ineffective Assistance of all three counsel who represented him before the trial court.
>
> Ground Two: Plea of guilty induced by false promise.
>
> Ground Three: Speedy Trial Act violation.
>
> Ground Four: Non disclosure of exculpatory evidence.
>
> Ground Five: Entrapment by a Government informant.

> Ground Six: Equal Protection Clause violation by the Government by selectively applying the law.
>
> Ground Seven: The sentence and conviction are unreasonable.

(Section 2255 Motion, pp. 5-8)  The Government responds that this Court should not review some of the claims because such claims must be raised on direct review.  The Government asserts that Izzard cannot establish that all of his counsel were ineffective.

**II.    SECTION 2255 MOTION**

    **A.    Direct Appeal**

As noted above, Izzard filed a Notice of Appeal to the Sixth Circuit Court of Appeals on February 18, 2010.  On April 15, 2010, Izzard's appointed counsel on appeal filed a motion to withdraw as counsel before the Sixth Circuit and a brief indicating any claims on appeal would be frivolous pursuant to *Anders v. California,* 346 U.S. 738 (1967).  (*Izzard v. United States,* Case No. 10-1266) The Court of Appeals required Izzard to respond to the *Anders* brief by June 25, 2010 but he did not.  (*Id.*)  The appeal is currently pending.

A motion to vacate under § 2255 is not a substitute for direct appeal. *United States v. Duhart,* 511 F.2d 7 (6th Cir.1975); *DiPiazza v. United States,* 471 F.2d 719 (6th Cir.1973). Absent manifest injustice or special circumstances such as a change in the law, § 2255 motions will be dismissed summarily if they raise claims that were or might have been asserted on direct review.  *DuPont v. United States,* 76 F.3d 108, 110-11 (6th Cir.1996); *Reed v. Farley,* 512 U.S. 339, 358 (1994); *Withrow v. Williams,* 507 U.S. 680, 721 (1993); *Davis v. United States,* 417 U.S. 333, 342 (1974); *Kaufman v. United States,* 394 U.S. 217, 227 n. 8 (1969).

Given that Izzard's appeal of his conviction and sentence are currently before the Sixth Circuit of Appeals, the Court will not address Izzard's claims, other than the ineffective

assistance of counsel claim.  Izzard has not shown manifest injustice or special circumstances, such as a change in the law, giving this Court authority to review his sentence.  It is noted that Izzard entered a plea of guilty in this case and so waives all non-jurisdictional defense claims. *Tollett v. Henderson,* 411 U.S. 258, 266-67 (1973).

>    B.    **Ineffective Assistance of Counsel Claim**

Ineffective assistance of counsel claims raised in a direct appeal are typically deferred to collateral review unless the constitutional infirmity is apparent on the record below. *Massaro v. United States,* 538 U.S. 500, 504-06 (2003); *United States v. Hill,* 30 F.3d 48, 51 (6th Cir.1994)("Where the record is not adequately developed, the usual course is to defer consideration of the claim to post conviction proceedings under 28 U.S.C. § 2255."

Izzard claims he received ineffective assistance from three counsel: Edward Wishnow, Sanford Plotkin and standby counsel, Paul Muller.  The Government claims Izzard is unable to carry his burden that his counsel were ineffective.

The Supreme Court in *Strickland v. United States*, 466 U.S. 668 (1984) announced the two prong test to determine whether counsel's assistance was ineffective.  One seeking relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial.  *Id.* at 686-87.  In the context of a guilty plea, the resulting prejudice must amount to a showing that, but for counsel's errors, the petitioner would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 58-59 (1985).  The defendant must show: first, that counsel made errors so serious that counsel was not functioning as counsel as guaranteed by the Sixth Amendment; and second, that the deficient performance prejudiced the defense. *Id.* at 687.  "The defendant

must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. On appeal, review of counsel's performance is highly deferential and requires that courts "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Id*. at 689.

As to Attorneys Wishnow and Plotkin, Izzard claims they failed to conduct pre-trial investigations, failed or refused to file pre-trial motions, presented the plea agreement hours before the first plea hearing (Wishnow), failed to state fundamental defense options, continual negligence, and, missed appointments. Regarding the claims of failure to conduct pre-trial investigations, failure to file pre-trial motions and failure to state fundamental defense options, Izzard is essentially attempting to second guess trial counsel's strategy before trial. It is noted that Izzard entered a plea of guilty on October 7, 2008, two months after Izzard was arraigned on in the Indictment on August 6, 2008. Subsequent to October 7, 2008 when Izzard pled guilty, any pre-trial investigation, pre-trial motions or presenting a defense were unnecessary in light of Izzard's guilty plea. Izzard filed a *pro se* Motion to Withdraw his guilty plea on February 6, 2009, but Izzard withdrew the motion on April 9, 2009. (4/9/2009 Tr., Doc. No. 132 filed 3/1/2010)

Izzard claims that he was not presented with the plea agreement earlier than "hours" before the first plea hearing. The transcript of the plea hearing indicates that the Court gave Izzard the opportunity to further review the written plea agreement with his counsel but Izzard said he was "fine." (10/7/2008 Plea Hrg. Tr., Doc. No. 129, filed 3/10/2010, p. 7) Izzard further indicated that he was satisfied with his counsel's advice and services. (*Id.*, p. 8) The Court concluded that the plea was given freely and voluntarily. (*Id.*, p. 20)

4

Izzard's claim that his counsel missed appointments and was negligent does not meet the *Strickland* standard since he cannot show a different outcome of the case. The Supreme Court in *Strickland* held, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission was unreasonable." *Id*. at 689. Trial counsel's strategy to interview and/or investigate potential witnesses can not be held to constitute ineffective assistance of trial counsel. *See United States v. Rubin*, 433 F.2d 442, 445 (5th Cir. 1970) ("decisions as to whether or not to call certain witnesses to the stand...are tactical determinations. Errors, even egregious ones, in this respect do not provide a basis for post conviction relief."). The trial court, using the *Strickland* two prong test, must "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. Izzard has not met the first prong of *Strickland,* that his counsel were ineffective.

Even if Izzard could meet the first prong of *Strickland*, he would still need to show prejudice-- that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. This Court is not convinced that the outcome would have been different. Izzard entered a plea of guilty freely and voluntarily. Izzard admitted to the facts that he conspired to possess and distribute marijuana. Izzard withdrew his Motion to Withdraw his plea of guilty. Izzard has not shown that his counsel was ineffective.

As to standby counsel, Muller, the Court finds that Izzard cannot show Muller was ineffective as standby counsel. "[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of

5

counsel." *Faretta v. California,* 422 U.S. 806, 834 n. 46 (1975). Izzard elected to represent himself at sentencing, filing his own notice of appeal. Izzard's claim of ineffective assistance counsel as to Muller is without merit.

### C. Sentence

Again, the Court notes that Izzard's appeal is currently pending before the Sixth Circuit Court of Appeals. A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States,* 334 F.3d 491, 496-97 (6th Cir.2003) (citation and quotation marks omitted).

Izzard claims his sentence of 60 month of imprisonment is disproportionate to his co-defendants' sentences of 48 months and terms of Supervised Release. The sentencing guidelines in this case were 60 to 71 months, based on a statutory mandatory minimum of 60 months with a maximum sentence of 40 years. (2/18/2010 Sent. Tr., Doc. No. 134, filed 3/1/2010) Izzard's 60 month sentence is at the minimum of the statutory guidelines. Although Izzard's sentence is higher than that of his co-defendants, given that the sentence is within the statutory limits, Izzard cannot show that he is entitled to relief under § 2255.

### III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2225 Proceedings, which was amended as of December 1, 2009, requires that a district court must issue or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of

a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability,* 106 F.3d 1306, 1307 (6th Cir.1997).

For the reasons set forth above, the Court finds that Izzard has not shown that his sentence violated his constitutional rights. The Court will not issue a certificate of appealability in this case.

**IV.    CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Case No. 04-80371, Doc. No. 137, filed September 13, 2010]** is **DENIED.**

IT IS FURTHER ORDERED that the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Case No. 10-13658, filed September 13, 2010]** is **DISMISSED with prejudice.**

IT IS FURTHER ORDERED that a certificate of appealability not issue in this case.

　　　　　　　　　　　　　　　　　　　s/Denise Page Hood
　　　　　　　　　　　　　　　　　　　Denise Page Hood
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated:  January 31, 2011

I hereby certify that a copy of the foregoing document was mailed to Kevin Izzard #42920048, Marianna Federal Correctional Institution, P.O. Box 7007, Marianna, FL 32441-7007 and the attorneys of record on this date, January 31, 2011, by electronic and/or ordinary mail.

                                                        s/LaShawn R. Saulsberry
                                                        Relief Case Manager, (313) 234-5165